NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

ROBERT BERNARD,

    Plaintiff,

v.

JENNIFER WEBB-MCRAE, *et al.*

    Defendants.

Civil No. 17-7030 (RBK/AMD)

**OPINION**

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendants Ronald Cuff, Cumberland County, Richard Necelis, Howard Shapiro, and Jennifer Webb-McRae's Motion for Summary Judgment (Doc. No. 44). Plaintiff Robert Bernard, a Detective in the Office of the Cumberland County Prosecutor, alleges that Defendants retaliated against him in various ways after he corroborated a colleague's internal complaint of sexual harassment and hostile work environment. Seeking redress, he brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, under 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. 10:6–2, for retaliation against activity protected by the First Amendment, under 42 U.S.C. § 1983 for denial of procedural due process, under 42 U.S.C. § 1985, and under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5–1 *et seq.* For reasons set forth below, Defendants' Motion is **GRANTED**.

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment

1

as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushida Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" (quoting *First National Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968))). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in his favor. *Id.* at 255; *Matsushida*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Defendants move for summary judgment on all of Plaintiff's claims. The Court will first consider Defendants' arguments against Plaintiff's federal law claims,[1] as they serve as the basis for the Court's original jurisdiction in this case, under 28 U.S.C. § 1331. First, Defendants contend that Plaintiff's Title VII claim should be dismissed because Plaintiff did not exhaust his

---

[1] Because Plaintiff's NJCRA claim is functionally identical to his Section 1983 First Amendment retaliation claim, the Court includes the NJCRA claim in this group to the extent it is premised on a violation of the United States Constitution, as opposed to the New Jersey Constitution.

2

administrative remedies. (Doc. No. 44-1 at 11). Second, they assert that Plaintiff's First Amendment retaliation claim fails because he cannot show that the speech in question was on a matter of public concern. (*Id*. at 27). Third, Defendants argue that Plaintiff's due process claim is untenable because he received adequate process at all times. (*Id*. at 29–30). Finally, Defendants maintain that Plaintiff's Section 1985 claim cannot succeed because Plaintiff cannot show that he is a member of class withing the meaning of Section 1985. (*Id*. at 32).

In his opposition brief, Plaintiff does not respond to any of these arguments. Indeed, Plaintiff's opposition does not mention his Section 1983, NJCRA, or Section 1985 claims at all; while it does refer to his Title VII claim, it does not touch on the issue of administrative exhaustion. It is not the Court's responsibility to sift through the record in order to make Plaintiff's arguments for him. *See DeShields v. Int'l Resort Properties Ltd.*, 463 F. App'x 117, 120 (3d Cir. 2012) (noting that "judges are not like pigs, hunting for truffles buried in briefs" (internal quotation omitted)). Consequently, the Court finds that Plaintiff has abandoned these claims, and that they therefore must be dismissed. *See Brenner v. Twp. of Moorestown*, No. 09-219, 2011 WL 1882394, at *11 (D.N.J. May 17, 2011) (explaining that "'a plaintiff's failure to respond to the defendant's arguments on summary judgment constitutes an abandonment of these causes of action and essentially acts as a waiver of these issues'" (quoting *Skirpan v. Pinnacle Health Hosps.*, No. 07-1703, 2010 WL 3632536, at *6 (M.D. Pa. April 21, 2010)) (citing *Player v. Motiva Enters., LLC*, 240 F. App'x 513, 522 n.4 (3d Cir. 2004))); *see also Fonti v. Health Professionals & Allied Employees*, No. 13-4231, 2017 WL 1197759, at *6 n.6 (D.N.J. Mar. 31, 2017) (dismissing cause of action due to plaintiff's failure to respond on motion for summary judgment); *Desyatnik v. Atlantic Casting & Engineering Corp.*, No. 03-544, 2006 WL 120163, at *1 (D.N.J. Jan. 17, 2006).

Only Plaintiff's state law claims remain.[2] The Court does not have original jurisdiction over these claims and may only hear them through its supplemental jurisdiction pursuant to 28 U.S.C. § 1367. But the Third Circuit has held that where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (citations omitted). No such affirmative justification is apparent here. Consequently, these claims must also be dismissed, without prejudice to refiling in a court of competent jurisdiction.

For the forgoing reasons, Defendants' Motion for Summary Judgment is **GRANTED**. An Order follows.

Dated: 3/23/2020  /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

---

[2] These are Plaintiff's NJLAD claim and his NJCRA claim to the extent it is premised on a violation of the New Jersey Constitution.